UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VELEZ,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>MANDARIN HOUSE OF LA JOLLA, INC., et al.,<br><br>　　　　　　　　Defendant. | Case No.: 18cv828-LAB (BLM)<br><br>**ORDER REQUIRING PLAINTIFF TO INVESTIGATE DEFENDANT'S DENIAL OF OWNERSHIP** |

Plaintiff Jose Velez, proceeding *pro se*, filed a complaint bringing claims under the Americans with Disabilities Act in connection with a bed and breakfast in La Jolla, and alleging that Defendant The Bed & Breakfast Inn at La Jolla, LP ("B&B") owns the property.

B&B filed an answer denying that it owns the property, and stating that it is no longer an active business entity. The answer states that B&B has not owned the property since 1995, when the property was foreclosed on, and that as of 2004 it ceased to be an active business entity. The answer stated that Mary Louise Micuda is the property's current owner. Plaintiff has not amended the complaint to add her as a Defendant. The other Defendant, Mandarin House of La Jolla, Inc., has not answered or otherwise appeared.

1

If B&B's contentions are true, the Court cannot grant injunctive relief against B&B and Plaintiff's ADA claim is moot as to B&B. The Court is required to raise the issue of mootness *sua sponte*. *See Schutza v. Zulkoski*, 2014 WL 5092875 at *1 (S.D. Cal., Oct. 9, 2014) (citing cases).

Fed. R. Civ. P. 11(b)(3) requires that a party make an inquiry into factual allegations that is reasonable under the circumstances before presenting a pleading to the Court, and before continuing to advocate it. In light of B&B's denials, a reasonable inquiry would involve Velez's investigation of B&B's statements to see whether he in good faith can continue to allege that he is suing the right party.

Plaintiff is **ORDERED** to investigate B&B's representations and confirm whether he believes B&B is capable of complying with an injunction that would require it to make changes to the property, and whether it owned or controlled the property at the time he visited it. Only after doing so should he continue to prosecute claims against B&B, and only if he can do so consistently with Fed. R. Civ. P. 11.[1] Otherwise he should seek dismissal of B&B, by joint motion if possible, and by *ex parte* motion if necessary.

**IT IS SO ORDERED**.

Dated: June 8, 2018

*Larry A. Burns*
Hon. Larry Alan Burns
United States District Judge

---

[1] The Court is not requiring Plaintiff at this time to document his investigation, but he should be prepared to do so if he continues to litigate claims against B&B.